L. & A. SCHARFF, Appellant, v. JAS. F. GROSSMAN, Respondent.

Kansas City Court of Appeals, November 5, 1894.

1. **Trial Practice:** PROPER SUBMISSION. In this case, the court in a proper and correct way submitted the issue between the parties to the jury so that they could not be misled by the instructions.

2. **Evidence:** NOTICE TO THIRD PARTIES. In this case, evidence that the defendant had notified other dealers than plaintiff that he would not be responsible for purchases made by H. & D., is immaterial.

3. ——: REBUTTAL: CONTRADICTING WITNESSES. In order to avoid an interminable multiplication of issues, a witness who is cross-examined on a matter collateral to the issue can not be subsequently contradicted by the party putting the question.

4. ——: COLLATERAL ISSUE: WHAT IS. The test of whether a fact inquired of in cross-examination is collateral is this: Would the cross-examining party be entitled to prove it as a part of his case tending to establish his plea.

*Appeal from the Boone Circuit Court.*—HON. JNO. A. HOCKADAY, Judge.

AFFIRMED.

*C. B. Sebastian* for appellant.

(1) Under the pleadings and evidence the sole controverted issue for the jury to pass upon was, has

defendant shown by a preponderance of evidence that he notified plaintiff's salesman, Forgey, that he would not pay for goods sold to Head & Denham in his name and the jury were so instructed by the court on the part of the plaintiff. This being the sole controverted issue, the trial court erred in giving instructions numbers 1 and 2 on part of the defendant. *First*, because there is no evidence upon which to base them. *Second*, they submit the jury issues not raised by the pleading or the evidence. *Third*, they are misleading. *Fourth*, they are not in harmony with the instructions given on part of the plaintiff, which present the sole controverted issue of notice and therefore constitute a reversible error. *Farngrive v. Moberly*, 29 Mo. App. 141; *Elliott v. Keith*, 32 Mo. App. 579; *George v. Railroad*, 40 Mo. App. 433; *Paint and Color Co. v. Conlon*, 92 Mo. 221. (2) The question of notice to plaintiff's salesman being the sole controverted issue, it becomes and was important for the jury to know whether it was defendant's custom to notify other salesmen. The court erred in refusing to permit plaintiff to introduce Marks and Dingle to contradict defendant and show that it was not his custom with regard to giving notice. I understand the test of whether a fact inquired of in cross-examination is collateral is this: Would the cross-examining party be entitled to prove it as a part of his case tending to establish his plea ? 1 Greenl. on Ev., sec. 449; 1 Wharton on Ev., sec. 559; *Gaslight Co. v. Ins. Co.*, 33 Mo. App. 348; *Baker v. Shaw*, 35 Mo. App. 611.

*Turner, Hinton & Turner* for respondent.

That there was no evidence upon which to base these instructions can hardly be seriously contended by appellant, since plaintiff's own witness, Forgey, had

admitted on cross-examination, that before he made the sale he was informed that the defendant had no interest in the new firm, and that with such knowledge he sold the goods to Head & Denham, and then called on the defendant to find out whether Head & Denham were good for the bill. The defendant had testified that he expressly notified Forgey that he would not be responsible for goods sold to Head & Denham; and J. P. Head had testified that Forgey was informed of all the facts in the case, and knew and understood that he was dealing with Head & Denham, and that they were to receive and pay for the goods. Clearly, then, these instructions did not require the jury to find a single fact, as to the existence of which no evidence had been introduced. (2) Appellant's counsel, in contending that these two instructions submitted issues to the jury not raised by the pleadings and evidence, *assumes* that there was but one issue in the case. The error in this assumption, however, is manifest. This case having originated before a justice of the peace, without any written statement or pleadings, the account sued on stood in place of a common count in *assumpsit* for goods sold and delivered, to which the defendant is presumed to have pleaded the general issue, thereby traversing every fact necessary to the plaintiff's recovery, and under which any matter in defense might be proved, whether affirmative or negative. *Reed v. Snodgrass*, 55 Mo. 180; 2 Greenleaf, Ev. [14 Ed.], sec. 135, p. 120; *Gates v. Watson*, 54 Mo. 585; *Bloch v. Price*, 24 Mo. App. 14; *Gill v. Reed*, 55 Mo. App. 246; *Thompson v. Bank*, 111 U. S. 529; 1 Parsons, Contracts [7 Ed.], sec. 169, p. 191. (3) The next assignment of error is the refusal of the court to permit the appellants, after they had cross-examined the defendant on the subject, to prove in rebuttal by Marks and Dingle, traveling salesmen for other houses, that respondent had not

notified them that he would not be responsible for Head & Denham's bills.  It is an elementary principle that a witness can not be impeached or contradicted on an immaterial or collateral matter.  1 Greenleaf, Ev. [14 Ed.], sec. 449, p. 545; *Gaslight Co. v. Ins. Co.*, 33 Mo. App. 348.

ELLISON, J.—This is an account for a bill of whisky said to have been sold to defendant by plaintiffs.  The result in the trial court was in defendant's favor.

It appears from the evidence that defendant and one Denham were in the saloon business, having a license for that purpose in the name of defendant. That sometime before the expiration of the license he sold his interest in the business to one Head and that thereafter the business was owned, run and managed by Denham & Head, though on account of the license not having yet expired, the business, by arrangement between the parties, was conducted in defendant's name. The evidence for defendant tends to show that the sale was made to Denham & Head and he notified plaintiff's salesman at the time of the sale that he had no interest in the business and would not be responsible for the purchase.  There was evidence in behalf of plaintiff tending to show that they were not notified and that on the contrary defendant would be responsible for the payment of the bill.

The court in a proper and correct way submitted this issue to the jury.  Counsel criticise these instructions.  But in our opinion they are in all respects proper as applied to the evidence.  We are at loss to see how a jury after having heard and understood the points of dispute between the litigants could have been misled by the instructions.  It appears to us that the matter of dispute was put clearly before them.

It is next objected that the court erred in excluding testimony in rebuttal offered by plaintiffs. Defendant had been asked by plaintiffs, on cross-examination, on the point of whether he notified plaintiffs' salesmen that he would not be responsible for the bill, whether he also notified other salesmen for other houses and who they were. Defendant replied that he had, and gave the names of some of them. Plaintiffs offered in rebuttal to show that he had not notified these parties and it was excluded. In our opinion the offer was rightly rejected. Whether defendant had · or had not notified salesmen for other houses that he would not be responsible for purchases made by Denham & Head could not effect the present case. It was collateral to the issue. "In order to avoid an interminable multiplication of issues, it is a settled rule of practice, that when a witness is cross-examined on a matter collateral to the issue, he can not, as to his answer, be subsequently contradicted by the party putting the question. 'The test of whether a fact inquired of in cross-examination is collateral is this: Would the cross-examining party be entitled to prove it is a part of his case, tending to establish his plea?'" 1 Wharton on Ev., 559.

We consider the case was correctly tried and there being evidence upon which to base the verdict we can but affirm the judgment. All concur.